## FOURTH DEPARTMENT, SEPTEMBER, 1970

### (September 17, 1970)

PAT PALLONE et al., Respondents, v. NEW YORK TELEPHONE COMPANY, Appellant.— Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.

In the Matter of the Application for Leave to Destroy or Dispose of Certain Court Records of the ONEIDA COUNTY SURROGATE'S COURT.— Order for destruction of records entered. (Order entered Sept. 14, 1970.)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. RONALD COYNE, Defendant.— Memorandum: Defendant moves to vacate order of this court which dismissed his appeal upon a stipulation executed by himself, assigned counsel and the District Attorney. His motion is denied upon the ground that the moving papers fail to show any valid basis for reinstating the appeal or any merit to the appeal.

LELAND HART, Appellant, v. ERIE LACKAWANNA RAILROAD Co. et al., Respondents. (And Two Other Actions.) — Motion to extend the time for filing and serving records and briefs and for other relief denied. (See *Clara* v. *McKenna*, 23 A D 2d 325.) (Three motions.)

### (September 25, 1970)

In the Matter of JAMES WILLIAMS, Respondent, v. FRANK A. GUALTIERI, as District Attorney of Onondaga County, Appellant.— Memorandum: Upon appeal to this court in 1960 from judgment convicting defendant-respondent and a codefendant of robbery in the first degree, a new trial was granted (11 A D 2d 906). Upon the retrial both defendants were again found guilty and their convictions were unanimously affirmed upon their second appeal. Thereafter defendant-respondent instituted a variety of post-conviction proceedings which were all denied. Several of these were reviewed by us and all of the appeals were unanimously affirmed (28 A D 2d 1080; 30 A D 2d 645; 32 A D 2d 742; 32 A D 2d 872). Upon all of his applications defendant-respondent, or his attorneys, were furnished with the trial minutes of both trials and all other papers and records pertaining to his convictions and subsequent proceedings. The District Attorney's statement in his affidavit in opposition to the instant proceeding that " the defendants have submitted thirty or more separate proceedings " stands uncontradicted. Defendant-respondent's petition in this proceeding does not assert that there is pending any proceeding, nor does it specify what use he intends to make of the trial minutes of the second trial. These had been furnished to him and his attorney upon his appeal from his conviction. The People have in every respect complied with the principle enunciated in *People* v. *Montgomery* (18 N Y 2d 993). Petitioner has shown no legal basis for the relief he seeks in this article 78 proceeding and Special Term's order directing appellant to furnish once again the minutes of the second trial should be reversed. If, as argued by respondent, this application was a discretionary matter, the granting of the petition upon the facts in this record would be an improper exercise of discretion. (Appeal from order of Onondaga Special Term directing respondent to furnish petitioner with a free copy of trial minutes.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.